*[531]
 
 JOHNSON, J.
 

 Defendant appeals his conviction of a Class C felony for Driving While Suspended, ORS 487.560.
 
 [1]
 
 He assigns as error: (1) the trial court’s denial of his motion for a judgment of acquittal on the ground that the state failed to prove notice of suspension; (2) the
 
 *[532]
 
 court’s denial of his motion to limit the charge against him to a lesser offense based upon his alleged lack of notice; and (3) the court’s admission of evidence of defendant’s prior convictions for the purpose of proving notice.
 

 In
 
 State v. Taylor,
 
 28 Or App 815, 561 P2d 662 (1977) we held that notice of suspension is not an element of the offense of driving while suspended. Lack of notice, however, is still an affirmative defense under ORS 487.560(2) and (3) which provide:
 

 "(2) In a prosecution under subsection (1) of this section, it is an affirmative defense that:
 

 "(a) An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question; or "(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section.
 

 "(3) The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:
 

 "(a) The defendant refused to sign a receipt for the certified mail containing the notice;
 

 "(b) The notice could not be delivered to the defendant because he had not notified the division of a change in his residence as required by subsection (2) of ORS 482.290; or
 

 "(c) At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension of the defendant’s license, permit or right to apply.”
 

 Prior to trial, defendant gave the state notice of his intent to rely on the defense of lack of notice. At trial, he introduced evidence of his lack of notice by way of testimony of a Motor Vehicles Division employe that, prior to the arrest on the present charge, defendant had not taken delivery of any of the written notices of suspension sent to him by the Division pursuant to
 
 *[533]
 
 ORS 482.570.
 
 [2]
 
 The state offered evidence to rebut defendant’s affirmative defense by way of numerous exhibits showing his driving record. These exhibits included: (1) copies of 13 notices of suspension sent to defendant containing postal notations of attempted deliveries; (2) copies of two driver’s license applications made by defendant — one under his legal name in 1971, and one under an alias in 1975; and (3) records of two of defendant’s prior traffic convictions in the form of copies of the uniform traffic citations issued to defendant and records of their court dispositions. Defendant objected to the admission of the last exhibits as evidence of other crimes. The case turns upon the admissibility of these two exhibits.
 

 Evidence of prior convictions is admissible if it is independently relevant to prove such factors as motive, intent, identity, or the absence of mistake or inadvertence — i.e. guilty knowledge — and its probative value outweighs the danger of prejudice to the defendant. McCormick, Evidence 17, § 190, 448-50 (2d ed E. Cleary 1972);
 
 see also State v. Holmes,
 
 22 Or App 23, 25, 537 P2d 566, Sup Ct
 
 review
 
 denied(1975);
 
 State v. Williams,
 
 16 Or App 361, 362-63, 518 P2d 1049, Sup Ct
 
 review denied
 
 (1974). The challenged exhibits were offered for the purpose of proving defendant’s knowledge that he was suspended. The issue is whether the probative value of the exhibits, if any, outweighed their prejudice.
 

 The first challenged exhibit shows the record of a conviction arising from defendant’s guilty plea entered December 12, 1974, to a charge of driving while
 

 
 *[534]
 
 suspended under the old vehicle code, former ORS 482.650.
 
 [3]
 
 While evidence of this conviction was unquestionably damaging to defendant, it had considerable probative value as evidence of defendant’s knowledge that his license was suspended on August 12, 1976 — the date of his arrest on the present charge.
 

 Defendant’s guilty plea was an admission of all the material elements of the charge.
 
 Richardson v. Williard,
 
 241 Or 376, 406 P2d 156 (1965). Prior to
 
 State v. Taylor, supra,
 
 notice of suspension was treated as a material element of the charge of driving while suspended, both under former ORS 482.650 and under ORS 487.560.
 
 See State v. Taylor, supra; State v. Buen,
 
 13 Or App 426, 509 P2d 865, Sup Ct
 
 review denied
 
 (1973); Commentary to Proposed Vehicle Code, January 1975, § 92, 71-73. The jury had before it evidence that, at the time of defendant’s conviction on this prior charge, his license was suspended pursuant to two orders, one of which had an effective period encompassing August 12, 1976. Thus the guilty plea constituted an admission of knowledge of the suspension.
 
 [4]
 
 Arguably knowledge of the suspension alone does not defeat the affirmative defense under ORS 487.560(2)(b) if defendant actually had not received notice in the manner prescribed by ORS 482.570.
 
 *[535]
 
 Nonetheless, the jury could reasonably infer from such knowledge that defendant had either received such notice or that one of the conditions mentioned in ORS 487.560(3) existed which would defeat the affirmative defense.
 
 [5]
 
 The exhibit was admissible.
 

 The second exhibit shows the record of a conviction arising from defendant’s guilty plea entered July 3, 1975, to a charge of driving without an operator’s license in his possession in violation of ORS 482.300(2), which at the time of defendant’s conviction provided:
 

 "(2) The licensee shall have * * * [an operator’s] license in his immediate possession at all times when driving a motor vehicle, and shall display it upon the demand of a justice of the peace, a peace officer, or a field deputy or inspector of the division. It is a defense to any charge under this subsection that the person so charged produce in court an operator’s or chauffeur’s license that had been issued to him and was valid at the time of his arrest.”
 

 Defendant’s guilty plea to this charge was an admission that he did not possess a valid driver’s license and could not produce one in court. The jury could reasonably infer that defendant had knowledge of the suspension and likewise that he had received notice under ORS 482.570 or that one of the conditions mentioned in ORS 487.560(3) existed. Although the probative value of this exhibit is more attenuated than the first, the negative impact was merely cumulative when considered with the first exhibit. The second exhibit was properly admitted.
 

 As to the other assignments of error, the conflicting evidence concerning defendant’s affirmative defense
 
 *[536]
 
 presented a jury question and the jury was properly instructed on the question of lesser offenses.
 

 Affirmed.
 

 [1]
 

 ORS 487.560 provides:
 

 "(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when bis license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division.
 

 "(2) In a prosecution under subsection (1) of this section, it is an affirmative defense that:
 

 "(a) An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question; or "Or) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section.
 

 "(3) The affirmative defense under paragraph Or) of subsection (2) of this section shall not be available to the defendant if:
 

 "(a) The defendant refused to sign a receipt for the certified mail. containing the notice;
 

 "(b) The notice could not be delivered to the defendant because he had not notified the division of a change in his residence as required by subsection (2) of ORS 482.290; or
 

 "(c) At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension of the defendant’s license, permit or right to apply.
 

 "(4) Any of the evidence specified in subsection (3) of this section may be offered in the prosecution’s case in chief.
 

 "(5) Except as provided in subsection (6) of this section, driving while suspended or revoked is a Class A misdemeanor.
 

 "(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of conviction for any of the following offenses:
 

 "(a) Manslaughter or criminally negligent homicide resulting from the operation of a motor vehicle.
 

 "(b) Any crime punishable as a felony in the commission of which a motor vehicle was used.
 

 "(c) Failure to perform the duties of a driver involved in an accident or collision which results in physical injury to any person. "(d) Reckless driving.
 

 "(e) Fleeing or attempting to elude a police officer.
 

 "(f) Driving while under the influence of intoxicants.”
 

 [2]
 

 ORS 482.570 provides:
 

 "When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail addressee only, return receipt requested, to the person’s address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law.”
 

 [3]
 

 Former ORS 482.650 provided:
 

 "Except for circumstances in which an injury or immediate threat of injury to human or animal life necessitates vehicular travel, no person whose operator’s or chauffeur’s license, or whose right or privilege to operate a motor vehicle or whose right to apply for a license to operate a motor vehicle in this state has been suspended or revoked, under any provision of the law, shall drive any motor vehicle in this state during the period stated in the division’s order of suspension or revocation. A license, permit or registration certificate issued by any other jurisdiction shall not constitute authorization for a person to operate a motor vehicle in this state during the period of such suspension or revocation.”
 

 [4]
 

 Both suspension orders effective on the date of defendant’s guilty plea were mailed by the Division to defendant at the same Eugene address. The record indicates that neither of these orders was actually received by defendant because he had moved and left no forwarding address. Thus, defendant’s judicial admission of notice of either order was by necessity an admission of notice of the other.
 

 [5]
 

 As a result of 1977 legislation, knowledge alone is now adequate to defeat the affirmative defense. The 1977 legislature amended subsection (3) to include a new subsection (d) which provides that the defense is also not available if:
 

 "(d) The defendant had actual knowledge of the suspension or revocation by any means prior to the time he was stopped on the current charge.”