Argued November 17, 1977, affirmed March 20, 1978

STATE OF OREGON, *Respondent,*
*v.*
DANIEL JOSEPH MORRILL, *Appellant.*
(No. 77-09231, CA 8943)
576 P2d 29

DeLoris B. Narvasa Ward, Eugene, argued the cause and filed the brief for appellant.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Buttler, Judges.

LEE, J.

**LEE, J.**

On July 20, 1977, defendant was convicted of driving while his right to apply for a driver's license was suspended. ORS 487.560. Defendant moved for acquittal contending that he had not received notice of suspension of his right to apply for a license as required by the Fourteenth Amendment to the United States Constitution § 1; Art I, §§ 10 and 20, Oregon Constitution; and ORS 482.570, 487.560(2)(b), and 183.415. The trial court denied defendant's motion and he assigns this denial as error.

At trial the evidence showed that defendant's right to apply for a license had been suspended on six separate occasions, effective: October 17, 1972; July 14, 1974; November 4, 1974; February 19, 1975; September 3, 1975; and October 4, 1975 and that these suspensions remained in effect to the date of trial in the instant case.[1] Defendant testified that in 1971 he unsuccessfully attempted to obtain an Oregon driver's license and that he had not since attempted to obtain an Oregon driver's license.

The evidence further showed that on October 21, 1976, defendant entered a plea of guilty to the charge of driving in violation of ORS 487.560 which provides in pertinent part:

"(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when * * * his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division * * *."

On July 20, 1977,[2] when defendant urged lack of

---

[1] All of the suspensions contained the provision that the suspension was to remain in effect until, inter alia, the specified reinstatement fee had been received by the Motor Vehicles Division. Defendant testified that he had never attempted to obtain an Oregon driver's license since his unsuccessful attempt in 1971, so it follows that the suspensions were still in effect.

[2] In *State v. Hetland,* 31 Or App 529, 534, 570 P2d 1201, *rev den* (1977), we stated:

notice in support of his motion for acquittal the court had before it a certified copy of defendant's prior conviction based upon defendant's plea of guilty to ORS 487.560. This plea of guilty entered October 21, 1976, was an admission of all the material elements of the charge including the notice which defendant claims was lacking in the instant case. *State v. Hetland,* 31 Or App 529, 534, 570 P2d 1201, *rev den* (1977).

Since the defendant's plea of guilty admitted all the material allegations of the charge, including the requisite notice, and defendant had made no attempt to obtain an Oregon driver's license since 1971, it follows that the court properly denied his motion for acquittal.

Affirmed.

---

"* * * Prior to *State v. Taylor,* [28 Or App 815, 819, 561 P2d 662 (March 21, 1977), *rev den* (1977)] notice of suspension was treated as a material element of driving while suspended both under former ORS 482.650 and under ORS 487.560. * * *"