Argued and submitted November 21, 1979,
reversed and remanded for trial January 28, 1980

## STATE OF OREGON,
*Appellant,*

*v.*

## MICHAEL RAY FARMER,
*Respondent.*

(No. J78-2710, CA 15207)

605 P2d 716

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Harrison R. Winston, Roseburg, waived argument and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

The state appeals an order sustaining defendant's demurrer to an indictment which alleges:

"Michael Ray Farmer is accused by the Grand Jury for the County of Douglas, State of Oregon, by this indictment of the crime of THEFT IN THE FIRST DEGREE BY SALE committed as follows:

"The said Michael Ray Farmer, between February 6, 1978 and February 8, 1978, A.D., in the said County of Douglas and State of Oregon, then and there being, did unlawfully and knowingly commit theft of an automobile manifold, the property of Alfred Winter, by selling the said automobile manifold to Guy Mulholland, knowing that the said automobile manifold was the subject of theft. * * *"

In its memorandum opinion, the court stated that the indictment charges defendant with theft by appropriation, ORS 164.015(1), and theft by receiving and selling, ORS 164.015(5), 164.095. The court concluded that the indictment charges more than one crime in a single count, in violation of ORS 132.550(4). We reverse.

Theft by appropriation occurs when one intentionally "appropriates * * * property from an owner thereof." ORS 164.015(1). "Appropriate" means to "[d]ispose of the property of another for the benefit of oneself. * * *" ORS 164.005(1)(b). Here, defendant disposed of the automobile manifold for his own benefit by selling it. If the manifold was worth less than $200, its appropriation constituted theft in the second degree, a Class A misdemeanor. ORS 164.045. If the manifold was worth $200 or more, its appropriation constituted first degree theft, a Class C felony. ORS 164.055. The indictment does not indicate the value of the manifold.[1]

---

[1] This omission would not, however, render the indictment demurrable. Assuming the state intended to charge defendant with theft by appropriation, the indictment alleges facts sufficient to charge defendant with such a theft in the second degree and is therefore valid. An indictment is not insufficient or indefinite because it fails to charge or negate a greater crime. *State v. Taylor,* 28 Or App 815, 561 P2d 662, *rev den* 279 Or 191 (1977).

"Theft by receiving," ORS 164.015(5), is defined in ORS 164.095 as theft wherein a person "receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft." Theft by receiving is a first degree offense if it is committed by buying, selling, or lending on the security of the property. ORS 164.055(1)(c). The indictment charges defendant with "[t]heft in the first degree by sale * * * by selling the automobile manifold * * * knowing * * * [it] was the subject of theft."

The indictment specifically alleges conduct which constitutes first degree theft by receiving; i.e., defendant's sale of property known to be stolen. We conclude that the indictment charges defendant solely with first degree theft by sale.

The indictment is sufficient to charge defendant with both means of theft, appropriation and sale. Whether the conduct complained of constitutes theft by appropriation or by sale, it can constitute but a *single* offense, theft. ORS 164.025(1).

The order sustaining defendant's demurrer is reversed.

Reversed and remanded for trial.