Argued and submitted July 28, reversed and
remanded for a new trial September 2, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## HARRIETT DENNISE McCOLLUM,
*Appellant.*

### (No. K93034, CA 17077)

615 P2d 1194

Lewis B. Lawrence, Portland, argued the cause for appellant. On the brief was James A. Glover, Portland.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Defendant was convicted, after a trial to the court, of the traffic offense of driving while suspended, ORS 487.560.[1] She raised as an affirmative defense that she had not received notice of her suspension, ORS 487.560(2)(b).[2] The trial court ruled as a matter of law that the defense was not available where notice was sent by certified mail restricted delivery pursuant to ORS 482.570.[3] Two notices were mailed to defendant by certified mail restricted delivery. The envelopes containing the notices were returned with notations that they were unclaimed. There were several dates stamped on the envelopes without an indication of what the dates referred to.

■ ■     The affirmative defense of ORS 487.560(2)(b) is not available to a defendant if (1) the defendant refuses to sign a receipt for the certified mail containing the notice; (2) the notice could not be delivered to

---

[1] ORS 487.560(1) provides:

"A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division or if he drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477."

[2] ORS 487.560(2) provides:

"In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"* * * * *

"(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section."

[3] ORS 482.570 provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether is was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

the defendant because he had changed addresses without notifying the motor vehicles division; or (3) defendant has actual knowledge of the suspension, ORS 487.560(3)(a) through (d).[4] Notice of suspension is not an element of the offense of driving while suspended. It is an affirmative defense. *State v. Lawrence,* 36 Or App 733, 736, 585 P2d 727 (1978); *State v. Taylor,* 28 Or App 815, 561 P2d 662, *rev den* 279 Or 191 (1977).

■    In this instance defendant relied on the affirmative defense and was entitled to have that defense considered, absent a disqualification under ORS 487.560(3)(a) through (d). The fact that the letter, sent by certified mail restricted delivery, return receipt requested, was not later claimed by defendant does not deprive her of the defense as a matter of law, *see State v. Hetland,* 31 Or App 529, 533, 535-36, 570 P2d 1201, *rev den* 280 Or 683 (1977), *cert den* 436 US 909 (1978).

■ ■    The trial court's ruling that appropriate mailing by the division under ORS 482.570 was sufficient to constitute receipt of notice and that the offense was thereby established was error.[5] Defendant is entitled to have her affirmative defense considered.

Reversed and remanded for a new trial.

---

[4] ORS 487.560(3) provides:

"The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"(a) The defendant refused to sign a receipt for the certified mail containing the notice; or

"(b) The notice could not be delivered to the defendant because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290; or

"(c)    At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension of the defendant's license, permit or right to apply; or

"(d) The defendant had actual knowledge of the suspension or revocation by any means prior to the time he was stopped on the current charge."

[5] The presumption of ORS 41.360(24) that a letter directed and mailed was received is disputable and may be controverted. *See State v. Harris,* 288 Or 703, 609 P2d 798 (1980).