Argued and submitted July 27, reversed December 7, 1981

STATE OF OREGON,
*Respondent,*
*v.*
JENNIFER LANE MONACO,
*Appellant.*
(No. K 40135, CA A20118)
637 P2d 221

David L. Slader, Portland, argued the cause and filed the brief for appellant.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a conviction by the court of driving while suspended, ORS 487.560(1), contending the trial court erred in rejecting her affirmative defense that she was not notified of her suspension.[1] The state contends defendant had actual knowledge of her suspension, and therefore the trial court properly rejected the affirmative defense.[2] The issue is whether there was substantial evidence upon which the trial court could have reasonably found defendant had actual knowledge her license was suspended.

On April 13, 1979, defendant received a citation for driving while suspended. Her license had been suspended for failure to furnish proof of financial responsibility. Her license was reinstated on April 16. On May 11, defendant was convicted on the citation received on April 13.

Defendant then let her insurance lapse. On June 6, the Motor Vehicles Division (Division) sent defendant a suspension notice. She was in the hospital when delivery of that notice was attempted. The Division sent a second suspension notice on June 11. Defendant was recuperating and did not answer the door when delivery of the second notice was attempted.[3] Both letters were sent by certified mail, restricted delivery, and both were returned to the Division unclaimed.

---

[1] ORS 487.560(2)(b) states:

"(2) In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"* * * * *

"(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section."

[2] ORS 487.560(3)(d) provides:

"(3) The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"* * * * *

"(d) The defendant had actual knowledge of the suspension or revocation by any means prior to the time he was stopped on the current charge."

[3] The state does *not* contend the affirmative defense is unavailable because defendant refused to sign a receipt for the certified mail containing the notice of suspension. ORS 487.560(3)(a).

Defendant's license was again suspended on June 26. On September 1, defendant received the citation for driving while suspended in this case. She testified that on September 1, she did not know her license was suspended.

The trial court reasoned:

"* * * *The state has done as much as they can do.* Sent this letter to her address, sent it there twice and it's unfortunate if she was incapacitated, in the hospital, you know, it seems like somebody should have been home. At any rate I'm satisfied that as counsel for the state has said, that the state has done all they could do — fulfilled all their obligations under the law and it would appear to the Court *if she didn't know she was suspended, she sure should have.* I do find her guilty." (Emphasis added.)

The state does not contend defendant in fact received the notices mailed by the division.[4] The state does contend defendant had actual knowledge her license was suspended and therefore the trial court properly rejected defendant's affirmative defense.

The affirmative defense of lack of notice is unavailable to defendant if she had actual knowledge of the suspension by any means prior to the time she was cited. ORS 487.560(3)(d). There was no direct evidence defendant had actual knowledge of the suspension. The state argues that there was sufficient circumstantial evidence from which the court could have found she had actual notice, because defendant knew from her own recent experience that her failure to provide proof of financial responsibility would result in the suspension of her license. The state's argument suggests that actual knowledge is no different than defendant "should have known" her license would be suspended. A "should have known" standard is more akin to a recklessness standard (consciously disregarding a substantial risk) or a criminal negligence standard (failure to be aware of a substantial risk) than to a standard of actual knowledge. We reject a "should have known" standard because ORS 487.560(3)(d) requires "actual knowledge"

---

[4] In *State v. McCollum,* 48 Or App 35, 615 P2d 1194 (1980), we held a defendant did not receive "notice" merely because the division mailed a notice of suspension.

and "should have known" is not the equivalent of "actual knowledge."[5]

There may have been evidence in this case from which the trial court could have found that defendant had actual knowledge her license was suspended. However, the record shows the trial court found only that defendant should have known her license was suspended, which is an incorrect legal standard.

Reversed.[6]

---

[5] A culpable mental state is an element of driving while suspended. ORS 161.095(2); ORS 161.105; ORS 487.560. *See State v. Stroup,* 290 Or 185, 207, 620 P2d 1359 (1980) (Linde, J., concurring).

[6] Because we reverse, we need not consider defendant's second assignment of error that the documents and records relied upon by the state were not properly certified.