## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN DeMELLO,
*Appellant.*

(M337553; CA A32628)

703 P2d 276

Craig P. Colby, Portland, argued the cause for appellant. With him on the brief was Wall & Colby, Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

WARDEN, J.

Newman, J., dissenting.

**WARDEN, J.**

Defendant appeals his conviction in a trial to the court for driving while suspended. ORS 487.560. We affirm.

ORS 487.560 provides in relevant part:

"(1)   A person commits the crime of driving while suspended or revoked if the person drives a motor vehicle upon a highway during a period when the person's license or permit to drive a motor vehicle or the person's right to apply for a license to drive a motor vehicle in this state has been suspended or revoked by a court or by the division * * *."

"(2)   In a prosecution under subsection (1) of this section, it is an affirmative defense that:

"(a)   An injury or immediate threat of injury to human or animal life and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question; or

"(b)   The defendant had not received notice of the defendant's suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section.

"(3)   The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"(a)   The defendant refused to sign a receipt for the certified mail containing the notice; or

"(b)   The notice could not be delivered to the defendant because the defendant had not notified the division of the defendant's address or a change in the defendant's residence as required by ORS 482.290(3); or

"(c)   At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension or revocation of the defendant's license, permit or right to apply; or

"(d)   The defendant had actual knowledge of the suspension or revocation by any means prior to the time the defendant was stopped on the current charge.

"(4)   Any of the evidence specified in subsection (3) of this section may be offered in the prosecution's case in chief."

Before trial, defendant notified the state of his intent

to rely on an affirmative defense under ORS 487.560(2). ORS 161.055(2) provides that when an affirmative defense is raised at trial "the defendant has the burden of proving the defense by a preponderance of the evidence."

The state proved that defendant drove a motor vehicle on a highway during the time when his license was suspended. Defendant produced no evidence but claimed that he was entitled to be acquitted, because he had not received notice of his suspension from the Motor Vehicles Division as required by ORS 482.570:

> "When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. *Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records,* or, by personal service in the same manner as a summons is served in an action by law." (Emphasis supplied.)

Included in the state's evidence was the envelope in which the division had mailed a copy of the suspension order by certified mail, restricted delivery, return receipt requested, to defendant at his address as shown by division records. Attached to the envelope was a piece of paper labeled "CLAIM CHECK No. 670363" containing the following notations:

> "DATE
>
> "4-28-83
> "1st NOTICE
> "5-3
> "2nd NOTICE
> "5-13
> "   RETURN
>
> "
>
> "Detached from
> "PS Form 3849-A
> "Oct 1980"

The envelope bore the imprint of a hand pointing toward the

return address of the division and bearing the words "return to sender." Beneath the imprint of the hand, a handwritten "X" had been placed after the stamped word "UNCLAIMED."

Defendant argued at trial and on appeal that the affirmative defense that he had not received notice of the suspension was established as a matter of law. He relied at trial on *State v. Buttrey,* 293 Or 575, 651 P2d 1075 (1982). On appeal, he relies on *State v. McCollum,* 48 Or App 35, 615 P2d 1194 (1980), in addition to *Buttrey.*

In *State v. Buttrey, supra,* the court stated:

"The legislative intent is clear: The state makes a prima facie case upon proof of the two elements in ORS 487.560(1), without proof of a culpable mental state, i.e., without proof of any knowledge by the defendant of the license suspension. *The defendant can avoid liability by establishing the affirmative defense by a preponderance of the evidence.* ORS 161.055(2). The state, in turn, can avoid the effect of the notice defense afforded by ORS 487.560(2)(b) by establishing beyond any reasonable doubt that the defendant 'refused to sign a receipt for the certified mail containing the notice,' ORS 487.560(3)(a), or that '[t]he notice could not be delivered * * * because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290,' ORS 487.560(3)(b), or that the defendant had been informed by a trial judge that the judge was ordering a suspension of the license, ORS 487.560(3)(c), or that the defendant had actual knowledge of the suspension, ORS 487.560(3)(d)." 293 Or at 583. (Emphasis supplied.)

Defendant reads *Buttrey* to say more than it actually does. By his reading, his notice of intent to rely on an affirmative defense without more, shifted the burden to the state to prove beyond a reasonable doubt that the defense was not available to him for one of the reasons set out in ORS 487.560(3). As *Buttrey* makes clear, a defendant must establish the affirmative defense by a preponderance of the evidence. Merely giving notice of the defense does not accomplish that. Evidence depriving a defendant of the affirmative defense may be offered in the prosecution's case in chief when a defendant has raised a defense of lack of notice, but it need not be. ORS 487.560(4).

In *State v. McCollum, supra,* this court held only that the affirmative defense of lack of notice was not made unavailable by proof that the notice was sent by certified mail, restricted delivery, return receipt requested. We did not hold that the envelopes containing the notices with the notations that they were unclaimed established the defense of lack of notice as a matter of law, which is what defendant asks us to do here.

Defendant's sole claim is that the postal service stamp, directing that the envelope containing the notice that his driver's license was suspended and indicating that the envelope was unclaimed, establishes as a matter of law that he did not receive the notice.[1] He does not claim that the notice was not mailed to his address as shown by division records or, for that matter, that the address was not his place of residence.[2] That the envelope was marked "unclaimed" is the only evidence on the issue of receipt of the notice, because defendant offered no evidence.[3]

■ There is, however, evidence of notice contained on the envelope in the form of the claim check attached to it. It

---

[1] The dissent would make something of the fact that we do not know from the evidence whether defendant knew that the letter being held for him at the post office was from MVD. That fact, even if it were affirmatively established that he did not know, is of no significance. The issue is whether the trial judge, as finder of fact, could find that defendant received the letter, not whether defendant received a letter that he knew came from MVD.

[2] The dissent appears to concede that the evidence "permits an inference that [defendant] received postal notices that a certified letter was being held for him at the post office." That permissible inference and defendant's failure to respond to the postal notices is enough to allow a trier of fact to find that he received the letter. This situation is not materially different than it would be if the letter had been delivered to his post office box, and he had merely failed to retrieve it. It had gone as far as the postal service was going to take it without his claiming it. The trier of fact could find that, without more, it had been received.

[3] The dissent miscasts the majority position and defendant's claim. (1) We have not suggested that defendant is claiming that envelopes marked "Unclaimed" establish as a matter of law that defendants in other cases have not received notices of suspension. (2) Defendant's claim is not simply that the evidence establishes by a preponderance of the evidence that he did not receive the suspension notice. (If it was, it would fail; we do not review *de novo.*) His claim is that the evidence establishes that he did not receive the notice *as a matter of law.* Defendant's first assignment of error says so in so many words. (3) We do not suggest that defendant was obligated to testify in his own behalf to establish his defense but only point out, as is clear from the statute, that the defense of lack of notice is an affirmative defense and that the burden of proving an affirmative defense is on the one asserting it.

allows the inference that, in accordance with Section 912.55 of the Postal Services Domestic Mail Manual,[4] notices that mail was being held for defendant at the post office were left at his address. That defendant failed to pick up his mail, after receiving notice that it was at the post office, creates a fact question as to whether the mail was delivered, and the trial court was not bound to find that the notice was not received as a matter of law. That question of fact could be resolved against defendant. The judge, sitting as the trier of fact, did so. Neither *State v. Buttrey, supra,* nor *State v. McCollum, supra,* dictates a contrary result.[5]

Affirmed.

**NEWMAN, J.,** dissenting.

I dissent. The evidence in the record on the issue of whether defendant established the affirmative defense that he "had not received notice of [his] suspension or revocation," ORS 487.560(2)(b), is:

1. The envelope in which the Motor Vehicle Division had mailed a copy of the suspension order by certified mail, restricted delivery, to defendant at his address. The envelope bore the imprint of a hand pointed toward the return address of the division and the words "return to sender." Beneath the imprint of the hand, a handwritten "X" had been placed after the word "Unclaimed";

2. A "claim check" attached to the envelope, with the following notations:

"DATE

"4-28-83
"1st NOTICE
"5-3
"2nd NOTICE
"5-13
"  RETURN

---

[4] That section is cited by both defendant and the state in their briefs on appeal.

[5] Defendant also argued to the trial court that our holding in *State v. Monaco,* 55 Or App 122, 637 P2d 221 (1981), required his acquittal. His brief on appeal does not cite *State v. Monaco, supra,* and we assume, therefore, that he has abandoned that argument.

"

"Detached from
"PS Form 3849-A
"Oct 1980"

3.  The testimony of the police officer who had stopped defendant that he had said at that time that he had no knowledge of the suspension.

Only the state introduced evidence. Defendant did not testify or introduce any evidence.[1]

*State v. Buttrey,* 293 Or 575, 583, 651 P2d 1075 (1982), held that a defendant can avoid culpability for driving while suspended by establishing by a preponderance of the evidence the affirmative defense of non-receipt of notice of suspension. ORS 487.560(2)(b). The state, to avoid the effect of that defense, must establish beyond a reasonable doubt that "the defendant refused to sign a receipt for the certified mail containing the notice," ORS 487.560(3)(a), or any of the other matters described in ORS 487.560(3).

The majority misstates defendant's position:

"By his reading, *his notice of intent* to rely on an affirmative defense *without more,* shifted the burden to the state to prove beyond a reasonable doubt that the defense was not available to him for one of the reasons set out in ORS 487.560(3)." (Emphasis supplied.) 74 Or App at 507.

What defendant does assert is that *the evidence in the record* established the affirmative defense and shifted the burden to the state and that the state failed to show beyond a reasonable doubt that "the defendant refused to sign a receipt for the certified mail containing the notice" or any of the other matters set forth in ORS 487.560(3).

The first question, therefore, is whether defendant established as a matter of law by a preponderance of the

---

[1]At the close of the evidence defendant argued that he had established his affirmative defense and that the state had not introduced any evidence of a statutory exception to override that defense. *See* ORS 487.560(3)(a) through (d). The parties and the court treated the argument as a motion for judgment of acquittal. The state does not contend that the claim of error was not preserved.

evidence that he had not received the notice.[2] The majority argues:

> "There is * * * evidence of notice contained on the envelope in the form of the claim check attached to it. It allows the inference that, in accordance with Section 912.55 of the Postal Services Domestic Mail Manual, notices that mail was being held for defendant at the post office were left at his address. That defendant failed to pick up his mail, after receiving notice that it was at the post office, creates a fact question as to whether the mail was delivered, and the trial court was not bound to find that the notice was not received as a matter of law. That question of fact could be resolved against defendant." 74 Or App at 508. (Footnote omitted.)

The evidence, however, does not show, or permit the inference, that defendant received *notice of his suspension*. It does not create a fact question whether he received *that notice*. The evidence only permits an inference that he received notices that the post office held a certified letter for him. Because he received notices that the post office held a certified letter for him does not create a question of fact whether he received notice of his suspension.

Neither does the evidence show, or permit the inference, that defendant knew, or was on notice, that the letter that the post office held was *from MVD*. Both parties refer to portions of the Postal Services Domestic Mail Manual, and defendant quotes portions of the manual in his brief. Although it was not in evidence, both parties assume that we may take judicial notice of it. OEC 201(f). Section 912.55 of the manual provides:

> "Notice of Arrival. The carrier will leave a notice of arrival on Form 3849-A, *Delivery Notice or Receipt,* if he cannot deliver the certified article for any reason. The article will be brought back to the post office and held for the addressee. If the article is not called for within 5 days, a second notice on Form 3849-B, *Delivery Reminder or Receipt,* will be issued. If the article is not called for or its redelivery requested, it will·be

---

[2]The majority quotes ORS 482.570 and emphasizes the description of how "service of the notice is accomplished." Proof that the state "served" a notice of suspension in accordance with ORS 482.570, however, does not establish that defendant "received" it. Otherwise, the language of ORS 487.560(2)(b), (3)(a) and (b) would be surplusage, and *Buttrey* would be meaningless.

returned at the expiration of the period stated by the sender, or after 15 days if no period is stated."

The contents of Forms 3849-A and 3849-B are not described in the manual. The manual does *not* disclose if either of those forms advises the addressee of the sender's identity. Indeed, Section 911.4 of the Manual allows only the contrary inference. It provides:

"PROCEDURE [for registered and certified mail] The addressee or a person representing him may obtain the name and address of the sender, and may look at registered mail while it is held by the postal employee before accepting delivery and signing the delivery receipt. * * * The mail will not be given to the addressee until the delivery receipt is obtained by the postal employee. * * *"

There is *no* evidence in the record that defendant had actually received *notice of the suspension.* All of the evidence, including the envelope in the post office's possession marked "Unclaimed," is that he did *not* receive it. The state does not claim that the court which had heard the earlier charge had informed defendant that it was ordering a suspension of his license. The state introduced no evidence whatever to support an inference that defendant had gone to the post office, had looked at the envelope that the postal service held, had refused to sign a receipt for the certified mail containing the notice or had known the contents of the certified mail.[3]

*On the evidence in this record,* defendant did not receive notice of suspension. The majority's conclusion that defendant did not establish as a matter of law by a preponderance of the evidence that he *did not* receive the notice of suspension is purely arbitrary. Moreover, the state failed to

---

[3]The trial court stated:

"Simply because the prosecutor's evidence shows that the defendant failed to claim the letter isn't sufficient to establish an affirmative defense, in my opinion. * * *

"It may have been unclaimed — who says it wasn't received? Suppose he received it, stuck it back in the envelope, and told the guy, 'Look, here's five bucks. Take it back. I don't want it. Just return that it's un- Make it unclaimed. Stamp unclaimed on there. I see that it comes from the Department of Motor Vehicles.' Then there's no evidence in this case that he didn't — produced by you — that he didn't received notice. That's my ruling."

The court was simply speculating.

offer evidence in its case in chief or in rebuttal that could deprive defendant of the affirmative defense of non-receipt.[4]
The court erred when it denied defendant's motion for acquittal.

Richardson, Buttler and Warren, JJ, join in this dissent.

---

[4]*Compare State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980).