Argued and submitted March 21, reversed and remanded with instructions
April 9, 1986

## OLIVER N. GILL,
*Respondent,*

*v.*

## CUPP,
*Appellant.*

(135,460; CA A36070)

717 P2d 211

Robert J. Jackson, Assistant Attorney General, Salem argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

This is an appeal from an order granting post-conviction relief. The post-conviction court held that the evidence presented at petitioner's trial would not support a conviction for theft in the first degree.[1] We disagree.

The post-conviction court's holding was based on its finding that there was no evidence that the value of the stolen property was in excess of $200. Although that finding is correct, the court's conclusion of law is wrong, because the indictment alleged that petitioner committed the theft "by selling the said property." ORS 164.055(1)(c).[2] Under the statute, the value of the property sold is irrelevant when the charge is *selling* stolen property. *State v. Stapleton,* 27 Or App 389, 391, 556 P2d 156 (1976); *see State v. Farmer,* 44 Or App 157, 160, 605 P2d 716 (1980).

All of the elements of theft in the first degree as alleged in the indictment were proven by competent evidence. The trial court properly denied petitioner's motion for acquittal on the ground that sufficient value had not been proven. The post-conviction court erred in granting relief.

Reversed; remanded with instructions to dismiss.

---

[1] Petitioner asserted numerous grounds for post-conviction relief. The post-conviction court found that, with one exception, his contentions either were not established from the evidence or did not entitle him to relief. Accordingly, the court denied his petition "as to all remaining allegations."

[2] ORS 164.055 provides in part:

"(1) A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015; and

"* * * * *

"(c) The theft is theft by receiving committed by buying, selling or lending on the security of the property * * *."