543
Argued and submitted February 29, affirmed April 20, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD SCOTT SWANSON,
*Appellant.*

(C86-09-34947; CA A44178)

753 P2d 431

Lawrence J. Hall, Deputy Public Defender, Salem, argued

the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Defendant appeals his conviction for theft in the first degree. Former ORS 164.055. He assigns as error the trial judge's denial of his motion for acquittal, claiming a variance between the allegations in the indictment and the facts proven. We affirm.

On October 2, 1986, Willard tried to sell a violin and accessories worth about $500 for $40 in a violin store. A store employe recognized the violin as stolen and called the police. Willard told the police that the violin was stolen and that he had received it from defendant, who had asked him to sell it. Both Willard and defendant stated that they had picked up the violin at the residence of an acquaintance for the purpose of selling it. Defendant admitted that he believed that the violin had been stolen when he picked it up. Defendant, Willard and their companion who transported them to the store expected to share in the proceeds of the sale. All three were arrested and indicted for

"THEFT IN THE FIRST DEGREE BY RECEIVING

"committed as follows:

"The said defendants, acting together as part of the same act and transaction, on or about October 2, 1986, in the County of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of a violin, the property of Lynn Sherley, by selling the said property, knowing or believing that the said property was the subject of theft, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

Defendant contends that theft by "selling" requires proof of that fact for the indictment to provide a proper basis for defendant's conviction. He asserts that, because no sale was ever consummated, the state is entitled at most to a conviction for the lesser included crime of attempted theft. He further argues that the allegation of inaccurate facts in the indictment failed to give him adequate notice of the crime with which he was charged, thus prejudicing his ability to evaluate and meet the charges against him.

The trial court, having noted the state's sloppy pleading, nevertheless denied defendant's motion. It relied on *State*

*v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973),[1] and ORS 164.025(3), which provides:

> "Proof that the defendant engaged in conduct constituting theft as defined in ORS 164.015 is sufficient to support any indictment, information or complaint for theft other than one charging theft by extortion. An accusation of theft by extortion must be supported by proof establishing theft by extortion."

The indictment was sufficient to allow proof of theft.

Former ORS 164.055 provided, in part:

> "(1)   A person commits the crime of theft in the first degree if, by other than extortion, the person commits theft as defined in ORS 164.015 and:
>
> "(a)   The total value of the property in a single or aggregate transaction is $200 or more; or
>
> "* * * * *
>
> "(c)   The theft is theft by receiving committed by buying, selling, or lending on the security of the property[.]"

The state pled the (1)(c) alternative for which no particular value is prescribed. *Gill v. Cupp,* 78 Or App 505, 717 P2d 211 (1986). It should have rather pled the (1)(a) alternative, because the value of the violin was over $200, even though the sale was not consummated.

■■   Defendant does not contest the value of the stolen property, makes no claim that omission of the value made the indictment defective and does not contend that he was prejudiced by that omission. Defendant's only argument is that the term "selling" was misleading. We do not agree. When a variance between an indictment and the proof is claimed, the test is whether the indictment misled the defendant and prejudiced him in the preparation of his defense. *State v. Mustain,* 66 Or App 367, 371, 675 P2d 494, *rev den* 297 Or 83 (1984). The crime was sufficiently described in the indictment to give defendant adequate notice of the charge. The state correctly points out that defendant can hardly claim surprise, because he was tried in a stipulated facts trial. He knew all of the

---

[1] We held that " 'theft' constitutes a single offense committed by the doing of an act that results in the 'appropriation' of the property of another with the intent to substantially interfere with the property rights of the owner * * *." 13 Or App at 220.

evidence that would be offered by the state and did not object to any.

■ The evidence was sufficient to establish that defendant committed theft in the first degree by receiving property over the value of $200. He was not entitled to a judgment of acquittal.

Affirmed.