GLEN D'AMICO,
*Respondent,*

*v.*

PETERSON,
*Appellant.*

(86-C-11416; CA A43338)

754 P2d 19

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. On the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Jens Schmidt, Assistant Attorney General, Salem.

Larry J. Wright, Salem, argued the cause for respondent. With him on the brief was Hillyer, Larson & Wright, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

The superintendent appeals a judgment that granted petitioner post-conviction relief. It provides:

"Petitioner's conviction dated on or about June 6, 1985, in the Circuit Court of the State of Oregon for the County of Coos, case number 84-558, of Ex-Convict in Possession of a Firearm and Menacing be and is hereby vacated, and Petitioner is remanded to the Circuit Court of Coos County to be sentenced for the conviction of Ex-Convict in Possession of a Firearm and Menacing without the ORS 161.610 gun minimum."

The court's order on the motion for summary judgment recites:

"The court finds there are no genuine issues as to any material fact and that [petitioner] is entitled to judgment as a matter of law. The court expressly directs that final judgment be entered with respect to [petitioner's] claims with respect to the imposition of the ORS 161.160 gun mininum and that the other claims in the Third Amended Formal Petition for Post-Conviction Relief be dismissed without prejudice.

"NOW, THEREFORE, IT IS ORDERED that petitioner's motion for Summary Judgment against Defendant is allowed.

"IT IS FURTHER ORDERED AND DIRECTED that final judgment be entered in favor of petitioner and against defendant with respect to ORS 161.610 gun minimum and that the remainder of the claims asserted be dismissed without prejudice."

We reverse.[1]

On June 6, 1985, petitioner was convicted, after guilty pleas,[2] of being an ex-convict in possession of a firearm, ORS

---

[1] The superintendent assigns as error that the court granted the motion and entered judgment.

[2] Counts 1 and 4 of the indictment alleged:

"COUNT 1:

"That the said [petitioner], on or about March 13, 1985, A.D., in the County of Coos, State of Oregon, then and there being, did unlawfully and knowingly possess a firearm capable of being concealed upon the person, to-wit: a pistol, having previously been convicted in The Circuit Court of the State of Oregon for

166.270, a felony, and of menacing, ORS 163.190, a misdemeanor. The court sentenced him to five years imprisonment, with a five-year mandatory minimum term under ORS 161.610, for the felony and a consecutive one year jail term for the misdemeanor. It then suspended execution of sentence and placed petitioner on probation. On June 11, 1986, the court revoked the probation, and his sentence was executed. Petitioner filed his petition for post-conviction relief on July 21, 1986.

The post-conviction court stated in its judgment that petitioner was improperly sentenced:

"ORS 161.610 requires that the defendant be convicted of a felony having as an element the defendant's use or threatened use of a firearm. In this case, the elements of the felony, Ex-convict in Possession of a Firearm do not involve the use or threatened use of a firearm. Menacing is a misdemeanor and the ORS 161.610 minimum does not apply to it. The gun minimum should not apply to petitioner's case and he should not be sentenced therefore."

That analysis may be correct under the current version of ORS 161.610,[3] Or Laws 1985, ch 552, § 1, effective September

---

Coos County on January 14, 1977, of the felony of Burglary in the Second Degree;
"* * * * *

"COUNT 4:

"and as a part of the same act and transaction as set out in Count 1, 2, and 3 herein, the said defendant on or about March 13, 1985, in the County of Coos, State of Oregon, then and there being, did unlawfully and intentionally attempt to place Glendene D'Amico in fear of imminent serious physical injury by pointing a firearm at Glendene D'Amico and threatening to shoot her."

[3] ORS 161.610 provides, in part:

"(1) As used in this section, 'firearm' means a weapon which is designed to expel a projectile by the action of black powder or smokeless powder.

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(2), *if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime,* the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole,

20, 1985. However, when petitioner was convicted on *June 6, 1985, former* ORS 161.610 provided, in part:

"(3)  Unless the conviction necessarily establishes that the defendant used or threatened to use a firearm during the commission of the crime, *or unless the defendant admits on the record that he used or threatened to use a firearm during the commission of the crime,* whenever the court has reason to believe that the defendant so used or threatened to use a firearm, it shall set a presentence hearing on the matter. The parties may offer evidence and examine and cross-examine witnesses during the hearing.

"(4)  Notwithstanding the provisions of ORS 161.605 or 137.010(2), if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. Except as provided in subsection (6) of this section, in no case shall any person punishable under this section become eligible for work release or parole until the minimum term of imprisonment is served, less reductions of imprisonment for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court.

"(5)  The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a)  Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years." (Emphasis supplied.)

At that time, the sentencing court was required to impose a minimum term of imprisonment under subsection (5) if the defendant had admitted on the record that he had used or threatened to use a firearm during the course of the felony. *State v. Earls,* 69 Or App 75, 683 P2d 1387, *rev den* 297 Or 824 (1984).

Count 4 of the indictment, the menacing count, alleges that, "as part of the same act and transaction set out in count 1," the ex-convict in possession count, petitioner menaced the victim by "pointing a firearm at [her] and threatening

---

temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court." (Emphasis supplied.)

to shoot [her]." The pleas of guilty to counts 1 and 4 are petitioner's admissions on the record that he threatened to use a firearm during the commission of the felony of ex-convict in possession of a firearm. *Richardson v. Williard,* 241 Or 376, 378, 406 P2d 156 (1965); *State v. Morrill,* 33 Or App 247, 576 P2d 29 (1978); *State v. Hetland,* 31 Or App 529, 534, 570 P2d 1201, *rev den* 280 Or 683 (1977), *cert den* 436 US 909 (1978). Accordingly, the sentencing court was required to impose a mandatory minimum term of imprisonment for petitioner's felony conviction. The post-conviction court erred when it granted petitioner's motion for summary judgment[4] and vacated the conviction.

Reversed and remanded.

---

[4] We also note that there may be material issues of fact with regard to petitioner's other claims.