Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed
February 25, petition for review denied July 29, 2009 (346 Or 590)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY ALLEN STEELE,
*Defendant-Appellant.*

Lane County Circuit Court
200211109; A119204

203 P3d 246

Bronson D. James, Chief Deputy Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Steele*, 205 Or App 469, 134 P3d 1054 (2006) (*Steele I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Steele*, 345 Or 316, 195 P3d 64 (2008). In *Steele I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses and that he was on probation when he committed his current crime. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Steele I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree burglary. The trial court imposed a durational departure sentence of 68 months' imprisonment. The court gave the following reasons for its departure:

"[Defendant], none of us have anything to say here. It's all been said. 41 strikes and you're out. You've heard three strikes. 41 and you're really out.

"You have told all of us in the system that if we don't lock you up you will continue to commit crimes. That's all I can conclude. I refuse to even waste a whole lot of energy getting incensed about this.

"* * * * *

"If I don't lock you up, you are going to go into somebody's house and come out in a body bag. That's the way I see it. And nobody will care. Nobody will care. Maybe your family will care, but they're shrugging their shoulders saying, well gee, if the judge locked him up like we told him to, he would still be alive. You will be shot in somebody's house some day, I'll guarantee it. If I don't put you in prison.

"* * * * *

"This is obviously a case for departure based upon prior, persistent involvement in criminal similar activity. The case is to depart based on the fact you were on probation when you committed this crime. And that's what's called for. Somebody is supposed to get the maximum sentence, it's guys like you."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied on by the trial court is subject to legitimate debate. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). We turn first to the court's departure based on defendant's persistent involvement in similar offenses.

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent."

On this record, we conclude that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. While being cross-examined by the state, defendant admitted to having 30 convictions in the 11 years before the trial in this case, including 10 convictions for forgery, one conviction for attempted burglary, one for first-degree theft, and one for second-degree theft. That evidence was uncontroverted and, to our mind, overwhelming to show that defendant had been persistently involved in similar offenses to his current crime of conviction.

We reach the same conclusion with regard to the departure factor of defendant's probation status at the time

he committed his crimes. As we explained in *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [probationary] status to serve as an effective deterrent."

On this record, we conclude that there is no legitimate debate that the jury would have drawn the inferences required by *Allen*. Defendant admitted on the stand to having been on probation or parole for most of his life. At sentencing, the state informed the court that defendant was on probation for third-degree theft at the time he committed his current crime, and defendant did not contest that assertion. Moreover, given that defendant admitted to having 30 convictions in the 11 years before the trial in this case, the jury, as discussed above, was aware of defendant's persistent involvement in similar offenses at the time he admitted to having been on probation or parole for most of his life. Accordingly, the trial court did not err in imposing a departure sentence on defendant's conviction for first-degree burglary.

Affirmed.