Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 15, appellant's petition for reconsideration filed April 16 allowed by opinion July 1, 2009
See 229 Or App 238, 212 P3d 512 (2009)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY DELANO SANDERS, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
980736177; A123098

206 P3d 274

Peter Gartlan, Chief Defender, Appellate Division, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Sanders*, 202 Or App 225, 120 P3d 1256 (2005) (*Sanders I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Sanders*, 345 Or 316, 195 P3d 63 (2008). In *Sanders I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We do not reach that question, however, because defendant has failed to designate a record adequate for our determination of whether to exercise our discretion to review his assigned error.

Defendant was originally sentenced in 1999 and, after we remanded the case, *State v. Sanders*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004), defendant was resentenced. A transcript of that resentencing hearing was designated and appears in the record before us; however, defendant failed to designate the transcript of his first sentencing hearing. At that sentencing hearing, the trial court presumably explained the factual findings that supported its imposition of the departure sentences. At defendant's resentencing, the court merely incorporated by reference, without explication, its earlier statements and reiterated the departure factors that it had identified. The court did not reiterate the findings of fact that supported those factors. The absence of a record of that sentencing hearing and of the trial court's factual findings deprives this court of the ability to determine whether any of the departure factors that the court identified were subject to "legitimate debate." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

The legitimate debate standard is a fact-driven standard and, thus, it is critical that this court have before it the arguments of the parties at sentencing, the court's findings relating to departure factors, and whatever reasoning it relied on, as well as the record at trial. Our recent cases applying the *Ramirez* test illustrate the crucial role that the record plays in our decision to exercise, or decline to exercise, our discretion. *See, e.g., State v. Steele*, 226 Or App 86, 88-89, 203 P3d 246 (2009) (setting out trial court's reasoning in support of the identified departure factors); *State v. Williams*, 225 Or App 512, 515-17, 202 P3d 899 (2009) (relying, in part, on the record of the defendant's testimony at trial to illustrate absence of legitimate debate).

The appealing party bears the burden of designating a record sufficient to demonstrate that the trial court erred. ORAP 3.05(1); *Wade v. Mahler*, 167 Or App 350, 355, 1 P3d 485, *rev den*, 331 Or 334 (2000). Defendant has failed to do so here. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.