On appellant's petition for reconsideration filed April 16, reconsideration allowed; former opinion (227 Or App 495, 206 P3d 274) and disposition withdrawn; remanded for resentencing; otherwise affirmed July 1, petition for review denied September 17, 2009 (347 Or 44)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# GARY DELANO SANDERS, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
980736177; A123098

212 P3d 512

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER C. J.

Defendant petitions for reconsideration of our decision in *State v. Sanders*, 227 Or App 495, 206 P3d 274 (2009) (*Sanders II*). In our opinion, we explained that defendant had failed to designate an adequate record; we therefore affirmed. Defendant now argues that he has adequately supplemented the record for our review and that, accordingly, we should exercise our discretion to review his assignment of error regarding the trial court's imposition of durational departure sentences based on judicial factfinding. We allow reconsideration, withdraw our former opinion and disposition, and conclude that our exercise of discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), in *State v. Sanders*, 202 Or App 225, 120 P3d 1256 (2005) (*Sanders I*), *vac'd and rem'd for recons*, 345 Or 316, 195 P3d 63 (2008), was correct.[1] Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree assault, three counts of second-degree assault, and four counts of fourth-degree assault arising out of his attack on a young woman. The trial court imposed two 30-year "dangerous offender" durational departure sentences on the first-degree assault conviction and one of the second-degree assault convictions. ORS 161.725; ORS 161.737. The court also imposed a durational departure sentence of 72 months' imprisonment on another of the second-degree assault convictions. The court gave the following reasons for its imposition of the departure sentences:

"I find that defendant is suffering from a severe personality disorder, indicating a propensity toward crimes that seriously endanger the life or safety of others.

"And pursuant to the Dangerous Offender statute, I'm imposing a sentence of 30 years prison on Count I.

"* * * I find as substantial and compelling reasons for the durational departure: First, the Defendant's persistent

---

[1] In *Sanders I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings. 202 Or App at 226. That factfinding constituted plain error, and we exercised our discretion to correct it.

involvement in assaultive behavior, shown not only by his prior assault conviction, but the prior escape conviction, which was the apparent use of force or violence of the use of a weapon, a stapler.

"Those facts are likewise recited in the presentence investigation report as a separate and independent substantial and compelling reason supporting the departure. The Defendant was on probation at the time the offense was committed.

"A further separate reason for supporting departure, any one of these three, the Court would find sufficient to support the departures, the vulnerability of the victim in this case.

"This was not a fight with a dowel and a broken wrist between two well-matched opponents in a fight, and it arose out of circumstances in which the victim was not only physically vulnerable, but emotionally vulnerable to the attack and found it difficult because of her emotional vulnerability to break out of the relationship with the Defendant that made her subject to this assault."

The court reiterated those findings with regard to both dangerous offender sentences and the 72-month durational departure sentence.

■■ Where, as here, defendant stood silent during sentencing but had not explicitly waived his right to a jury trial on at least one of the charged offenses, the imposition of a departure sentence by a court based on judicial findings of fact constitutes "plain error." *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the departure factors relied on by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

As we explained in *State v. Shelters*, 225 Or App 76, 80, 200 P3d 598 (2009),

> "[t]he determination of an offender's 'dangerousness' is inherently qualitative. Rather than being a sentencing fact capable of conclusive establishment by facts adduced at trial, such as a victim's permanent injury or the presence of multiple victims, a dangerous offender sentence rests on the factfinder's synthesis of the characteristics of the offender *and* the determination that those characteristics warrant an extended period of incarceration. Unlike the sentencing fact at issue in *Ramirez*—the victim's loss of an eye constituting a permanent injury—we cannot conclude here that there is 'no legitimate debate' that a jury would have found defendant to be a 'dangerous offender.' *See* [*Ramirez*, 343 Or at] 513-14."

That reasoning compels the same conclusion in this case.

Reconsideration allowed; former opinion and disposition withdrawn; remanded for resentencing; otherwise affirmed.