Argued and submitted August 31, conviction affirmed; sentence vacated; case remanded for resentencing December 8, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY DUANE ROSS,
*Appellant.*

03CR0143; A121410

102 P3d 755

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jonathan H. Fussner, Attorney-In-Charge, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant pleaded no contest to first-degree theft. ORS 164.055. The trial court imposed a dispositional departure sentence after finding that the victim was particularly vulnerable and that defendant was not amenable to probation. On appeal, defendant argues that the sentence is unlawful under *Blakely v. Washington*, 542 US ____ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), because he did not admit the aggravating factors on which the trial court based the departure sentence and the state neither pleaded them in the indictment nor proved them to a jury beyond a reasonable doubt. We remand for resentencing.

Defendant acknowledges that he did not preserve his argument before the trial court. However, he contends that the asserted error is jurisdictional and therefore may be raised at any stage in the proceedings and, alternatively, that it is an error of law apparent on the face of the record that we may review under *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).[1] The state urges us not to exercise our discretion to review the claimed error because, it asserts, by entering a plea of no contest, defendant waived his right to a jury trial. If we reach the merits of defendant's argument, however, the state concedes the error.

The parties' arguments require little discussion. Defendant acknowledges that we rejected his jurisdictional argument in *State v. Crain*, 177 Or App 627, 637, 33 P3d 1050 (2001), *rev den*, 334 Or 76 (2002). He does not argue that *Crain* was wrongly decided. Accordingly, we decline to reconsider that decision here. We also reject without discussion defendant's argument that the state was required to plead the aggravating factors in the indictment. *See State v. Oatney*, 335 Or 276, 296, 66 P3d 475 (2003), *cert den*, 540 US

---

[1] Defendant also argues that several reported cases hold that, if a defendant is tried to the court without executing a written jury waiver, that error is reviewable even if unpreserved. *See, e.g, State v. Lemon*, 162 Or App 640, 642, 986 P2d 705 (1999); *State v. Huntley*, 112 Or App 22, 24, 827 P2d 918 (1992). Those cases are based on the Oregon constitutional and statutory requirement that jury trial waivers be in writing. *See* Or Const, Art I, § 11; ORS 136.001. Defendant does not argue that the jury trial right extends to aggravating factors under Article I, section 11, and ORS 136.001, however, so the cases that he cites are inapposite.

1151, 124 S Ct 1148 (2004) (holding that aggravating factors need not be pleaded in the indictment before being submitted to the jury); *see also State v. Gornick*, 196 Or App 397, 404-06, 102 P3d 734 (2004) (same).

 We reject, in turn, the state's argument that defendant waived his right to have a jury determine the aggravating factors. We decided the same issue adversely to the state's position in *Gornick*. In that case, we declined to infer from a silent record that the defendant had validly waived the right to a jury trial on the aggravating factors. *Id.* at 408-09. We note that defendant's waiver in this case was not worded identically to the waiver in *Gornick*. In the plea petition at issue in *Gornick*, the defendant specifically waived only the right to have a jury decide whether the defendant was guilty of the charged offense. Here, defendant stated in his plea petition that, "If I plead not guilty, I understand I am entitled to a speedy trial before a jury of my peers." We conclude that the distinction is immaterial and that our analysis in *Gornick* applies with equal force in this case. "[W]e will not assume that defendant waived the right to have a jury determine the aggravating factors unless the record shows that he knew, first, that he had the right to have a jury determine the aggravating factors and, second, that, by pleading [no contest], he was waiving that right." *Id.* 408.

Nothing in the record indicates that defendant knew that he had a right to a jury trial on the asserted aggravating factors or that he intended his plea to serve as a waiver of that right. We conclude that defendant did not validly waive the right to a jury trial with respect to the aggravating factors. It follows that the trial court erred in imposing a departure sentence based on the factors that it found. *See Blakely*, 542 US at ___ , 124 S Ct at 2537 (a sentence may not exceed the maximum authorized by the facts "reflected in the jury verdict or admitted by the defendant"); *State v. Sawatzky*, 195 Or App 159, 165, 96 P3d 1288 (2004) (departure sentences under Oregon's sentencing guidelines are inconsistent with *Blakely*). We also conclude that the error is apparent on the face of the record. *See Brown*, 310 Or at 355 (error is apparent if it is not reasonably in dispute and is "on the face of the record" if the court need not go outside the record or choose between competing inferences to find it).

We exercise our discretion to correct the error. The state has not articulated any interest in or reason for requiring defendant to serve an unlawful sentence. Conversely, defendant has an obvious interest in avoiding such a sentence. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (appellate courts must articulate reasons when exercising discretion to review plain error).[2]

Conviction affirmed; sentence vacated; case remanded for resentencing.

---

[2] We note that, in the indictment, defendant was charged with a second offense, theft in the second degree. The state dismissed that charge in exchange for defendant's agreement to plead no contest to the first-degree theft charge. We have, in other cases, declined to exercise our discretion to correct a plain error when the defendant obtained significant concessions pursuant to a plea agreement. *See, e.g., State v. Quintero*, 160 Or App 614, 620-21, 982 P2d 543 (1999) (state dismissed two charges and gave up right to seek consecutive sentences on two others). Here, however, it is not apparent that correcting the error will deprive the state of the benefit of its bargain; defendant agreed to plead no contest, and that is, in fact, what he did. In any event, the state does not contend that the dismissal of the second-degree theft charge should affect our decision, so we need not address that issue here.