Submitted on record and briefs October 26, 2004, affirmed January 12, 2005

## STATE OF OREGON,
### *Respondent,*

*v.*

## MARK ALLEN SULLIVAN,
### *Appellant.*

### 0206150CR; A120603

104 P3d 636

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

■       Defendant, who was convicted of several crimes after he entered an *Alford* plea,[1] appeals pursuant to ORS 138.050, asserting that his sentences exceed the maximum allowable by law. In particular, defendant asserts that (1) under the reasoning of *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), the trial court's imposition of an upward departure sentence on defendant's conviction for delivery of a controlled substance to a minor, ORS 475.995, was unconstitutional; and (2) the trial court erred in imposing a 60-month probationary sentence on defendant's conviction for sodomy in the third degree, ORS 163.385. Defendant acknowledges that those asserted errors are unpreserved but contends that they are reviewable as errors apparent on the face of the record. ORAP 5.45(1). As explained below, we conclude that, with respect to the imposition of the upward departure sentence, this case is distinguishable from *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004), and *State v. Ross*, 196 Or App 420, 102 P3d 755 (2004), and, thus, that the alleged error is not reviewable as error apparent on the face of the record. We further conclude that any error with respect to the imposition of the probationary sentence was harmless and, consequently, we do not exercise our discretion to correct it. Accordingly, we affirm.

        In imposing a departure sentence on the conviction for delivery of a controlled substance to a minor, the court made findings that the present offenses involved multiple victims, that defendant had persistently been involved in similar conduct, that the victim was particularly vulnerable, and that the harm was greater than typical because defendant had attempted to discredit the victim, thereby creating additional trauma. The court also stated that any one of those departure factors alone would support the departure sentence.

---

[1] An *Alford* plea is a guilty plea in which the defendant does not admit commission of the criminal act or asserts that he is innocent. In such a situation, the trial court must determine that there is a factual basis for the plea. *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970).

In *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely*, the Court clarified that the "prescribed statutory maximum" for purposes of *Apprendi* analysis was "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 US at ___ , 124 S Ct at 2537. The Court in *Blakely* held unconstitutional a sentencing guidelines scheme that allowed "exceptional" sentences to be imposed based on judicial factfinding. In *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), the Oregon Supreme court held that Oregon's "upward departure" sentences, which are based on judicial factfinding, suffered from the same constitutional flaw as those struck down by the Court in *Blakely*.

In *Perez*, we held that it was error for the trial court to impose an upward departure sentence based on the defendant's persistent involvement in similar offenses, and that the error was apparent on the face of the record. 196 Or App at 371-73. In *Ross*, we similarly held that it was error apparent on the face of the record for the trial court to impose an upward departure sentence based on the vulnerability of the victim. 196 Or App at 423-24. Those holdings rested on our conclusion that those aggravating factors, and others, did not fall within the *Apprendi* exception for "the fact of a prior conviction." Consistently with *Perez* and *Ross,* we conclude that none of the aggravating factors relied on by the trial court in this case falls within "the fact of a prior conviction" exception stated in *Apprendi*, 530 US at 490.

Nevertheless, that conclusion does not compel a remand for resentencing here. That is so because this case also implicates a different exception to the applicability of *Blakely* and *Apprendi*'s general principle. As noted, the Court in *Blakely* indicated that the statutory maximum was "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or* **admitted by the defendant**." 542 US at ___ , 124 S Ct at 2537 (emphasis in original; boldface added). In this case, the state asserts that

no error is apparent on the face of the record because defendant entered an *Alford* plea to crimes involving different victims in the present case and, thus, the "multiple victims" departure factor was based on a fact "admitted by the defendant." In response, defendant suggests that the aggravating factor concerning "multiple victims" is applicable only if there are multiple victims of a single offense for which a departure sentence is imposed.

■ An alleged error is apparent on the face of the record only if it is "obvious," that is, that "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Here, defendant's "plain error" contention implicates two legal issues: (1) Does *Blakely*'s exception pertaining to "facts * * * admitted by the defendant" apply in the context of an *Alford* plea? (2) Even if the answer to (1) is "yes," does the "multiple victims" upward departure factor apply where a defendant is convicted of multiple offenses with different victims but the offense on which the departure sentence was imposed involved only a single victim? Neither of those matters is "obvious." The correct resolution of both is "reasonably in dispute."

No court has addressed whether an *Alford* plea constitutes an admission for purposes of *Apprendi* and *Blakely*. Given the unique character of such a plea—in which the defendant nominally pleads guilty but claims actual innocence, *see* 197 Or App at 28 n 1—reasonable minds could differ as to whether such a plea represents an admission of facts for *Blakely* purposes.

Further, the correctness of defendant's assertion that the "multiple victims" aggravating factor applies only when a single offense has multiple victims also is not "obvious." Indeed, both the text of the administrative rule setting forth that aggravating factor as well as statutory context suggest otherwise. *See* OAR 321-008-0002(b)(G) (providing that the factor may not be used "when it is captured in a consecutive sentence," and by negative implication suggesting that it may be used when sentences on multiple offenses are imposed concurrently); ORS 161.067(2) (when conduct involves multiple victims, "there are as many separately punishable offenses as there are victims").

In sum, no error is apparent on the face of the record as to whether the court erred in relying on the "multiple victims" aggravating factor in imposing a departure sentence on defendant's conviction for delivery of a controlled substance to a minor—either as a constitutional matter under *Blakely* and *Apprendi*, or as a nonconstitutional matter under the sentencing guidelines themselves. Because the trial court found that that factor alone would support the imposition of a departure sentence, it is irrelevant that the remaining factors cited by the trial court plainly were impermissible under *Apprendi* and *Blakely*. We therefore affirm defendant's sentence for delivery of a controlled substance to a minor.

Finally, defendant asserts that the trial court erred in imposing a 60-month probationary sentence on his conviction for third-degree sodomy. As noted, that alleged error is also unpreserved, but defendant suggests that it is reviewable as error apparent on the face of the record. The state responds that, even if imposition of that sentence was erroneous, we should not exercise our discretion to correct it, either because the trial court could lawfully have imposed the same sentence as a departure sentence or because, where the 60-month probationary sentence is to be served concurrently with two other 60-month probationary sentences that are not challenged on appeal, any error was harmless. One of the factors we consider in deciding whether to exercise our discretion to correct errors apparent on the face of the record is the gravity of the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). We agree with the state that, because defendant does not challenge his concurrent 60-month probationary sentences, the error asserted here would lack sufficient gravity for us to exercise our discretion to correct it.

Affirmed.