STATE OF OREGON,
*Respondent,*

*v.*

RONALD CHARLES GAMBOA,
*Appellant.*

CR0300761, CR0301036; A122875 (Control), A122876
(Cases Consolidated)

120 P3d 1254

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Monica L. Finch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

PER CURIAM

---

* Rosenblum, J., *vice* Ceniceros, S. J.

**PER CURIAM**

Defendant appeals his convictions and sentences in two consolidated cases. In the first case, defendant was convicted of second-degree assault, ORS 163.175, third-degree assault, ORS 163.165, assaulting a public safety officer, ORS 163.208, first-degree criminal mischief, ORS 164.365, and attempting to elude a police officer, ORS 811.540. In the second case, defendant was convicted of unauthorized use of a motor vehicle, ORS 164.135. We affirm the conviction and sentence in the second case, as well as the convictions in the first case, without discussion. In the first case, the trial court imposed a departure sentence on the second-degree assault conviction based on a finding of persistent involvement in similar offenses. Defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts not found by a jury or admitted by defendant.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ross*, 196 Or App 420, 102 P3d 755 (2004), the sentences are plainly erroneous. For the reason set forth in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we exercise our discretion to correct the error.

In case A122876, conviction and sentence affirmed; in case A122875, sentences vacated; remanded for resentencing; otherwise affirmed.