Submitted on record and briefs August 31, sentences vacated; remanded for resentencing; otherwise affirmed October 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

COREY WAYNE SPIKES,
*Appellant.*

040654; A124921

120 P3d 1258

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

PER CURIAM

---

* Rosenblum, J., *vice* Ceniceros, S. J.

**PER CURIAM**

Defendant was convicted of manufacture of a controlled substance, ORS 475.992, delivery of a controlled substance within 1,000 feet of a school, ORS 475.999, multiple counts of unlawful possession of precursor chemicals, ORS 475.973, and endangering the welfare of a minor, ORS 163.575. The trial court imposed an upward departure sentence on the conviction for delivery of a controlled substance within 1,000 feet of a school, based on a finding that defendant had persistently been involved in similar offenses. Defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on facts not found by a jury or admitted by defendant.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ross*, 196 Or App 420, 102 P3d 755 (2004), the sentences are plainly erroneous. For the reason set forth in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.