473

Submitted on record and briefs November 30, 2005, sentences vacated;
remanded for resentencing; otherwise affirmed March 8, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ANTOINE DUPREE WILLIAMS,
*Appellant.*

0206-33591; A121385

131 P3d 767

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted, after a jury trial, of criminal mischief in the first degree, ORS 164.365, and attempted escape in the second degree, ORS 162.155, arising out of an incident in which he attempted to escape from the Multnomah County Detention Center. On the criminal mischief conviction, the trial court imposed a dispositional departure sentence of 12 months' incarceration and one year of post-prison supervision, based on its finding that, considering defendant's criminal history and behavior, the "purposes of probation will not be met." On the attempted escape conviction, the trial court imposed a concurrent 12-month jail sentence.

■ On appeal, defendant argues that the state failed to prove that the value of the damaged property exceeded $750 and that the trial court therefore erred in denying his motion for a judgment of acquittal on the criminal mischief charge and in subclassifying that crime in crime seriousness category three. In a supplemental brief, he argues that his departure sentence on the criminal mischief conviction was error under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Defendant concedes that he did not raise the latter issue below but urges us to reach it as plain error. The state responds that the evidence was legally sufficient and that any error in imposing a 12-month departure sentence was "harmless" in light of defendant's concurrent 12-month jail sentence.

■ We reject without discussion defendant's assignments of error relating to the sufficiency of the evidence to convict him of first-degree criminal mischief and to subclassify that offense in crime seriousness category three. As to defendant's unpreserved claim of error pertaining to his departure sentence, we conclude that the error is plain. *See State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). Moreover, for the reasons discussed below, we exercise our discretion to correct the error.

In *State v. Sullivan*, 197 Or App 26, 104 P3d 636 (2005), we explained that one of the factors we consider in

determining whether to exercise our discretion to correct an error apparent on the face of the record is the gravity of the error. *Id.* at 31 (citing *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991)). In *Sullivan*, we determined that, because the defendant in that case was challenging a 60-month probationary sentence and was not challenging two other identical concurrent sentences, "the error asserted here would lack sufficient gravity for us to exercise our discretion to correct it." *Id.* Thus, here, we consider the "gravity" of the trial court's erroneous imposition of a dispositional 12-month incarceration term on defendant's criminal mischief conviction in light of his concurrent 12-month jail sentence on his attempted escape conviction.

Consistently with ORS 137.123(3), which provides for imposition of consecutive sentences for crimes committed while incarcerated after the commission of previous crimes, and ORS 137.124(2)(b), which provides that incarceration sentences of 12 months or less that are to be served consecutively to terms of incarceration that exceed 12 months shall be served in the custody of the Department of Corrections (DOC), the trial court ordered that defendant's 12-month incarceration sentence for his Class C felony conviction for first-degree criminal mischief be served consecutively to sentences previously imposed in specified other cases and that it be served in the custody of DOC. The trial court also ordered that defendant "may be considered" for sentence modifications in relation to that sentence. *See* ORS 137.750.

Next, consistently with ORS 137.124(4), the trial court ordered that defendant's concurrent 12-month jail sentence for his Class A misdemeanor conviction for attempted second-degree escape be served in the county jail. The trial court ordered that defendant "may be considered" for sentence modifications in relation to that sentence as well. *See* ORS 137.752.

Thus, defendant received two concurrent 12-month sentences, as to each of which the trial court ordered that he may be considered for sentence modifications. However, the sentence modifications applicable to sentences served in the custody of DOC differ considerably from those applicable to sentences served in the county jail. Under ORS 137.750, the

sentence modification that is most commonly available with regard to sentences served in the custody of the department is the so-called "earned time" sentence reduction under ORS 421.121, which amounts to, at most, a 20 percent reduction in the length of the term of incarceration. Other potentially available modifications include accelerated release after completion of an "alternative *incarceration* program," ORS 137.750 (emphasis added); *see also, e.g.,* ORS 421.504; and other limited forms of conditional or supervised release, *see, e.g.,* ORS 420A.203.

By contrast, under ORS 137.752(1), when a court commits a defendant to the custody of a county supervisory authority, the sentence modification that is available is that the county may consider the defendant "for any form of alternative sanctions authorized by ORS 423.478." In turn, ORS 423.478 authorizes a county supervisory authority to "execute the [incarceration] sentence by imposing sanctions *other than incarceration* if deemed appropriate by the supervisory authority," ORS 423.478(3) (emphasis added), without any limitation on the portion of the putative incarceration term that may be served in some other manner. In other words, theoretically, a county may execute an entire incarceration sentence in the form of a sanction other than incarceration.

In summary, although defendant's two sentences in this case are identical in length and were ordered to be served concurrently, they nevertheless are qualitatively different from each other by reason of the respective modifications to which each is subject. Accordingly, the trial court's error in imposing the challenged sentence was of sufficient gravity so as to warrant our correction. *Sullivan*, 197 Or App at 31; *see also Perez*, 196 Or App at 373 (exercising discretion to reach unpreserved *Apprendi*-based error "because the state asserts no valid interest in requiring the defendant to serve an unlawful sentence"). We therefore vacate defendant's sentences and remand for resentencing. ORS 138.222(5). Having done so, we need not consider defendant's challenge to the trial court's calculation of his criminal history score.

Sentences vacated; remanded for resentencing; otherwise affirmed.