Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 11, petition for review denied April 22, 2009 (346 Or 185)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ANTOINE DUPREE WILLIAMS,
*Defendant-Appellant.*

## Multnomah County Circuit Court
020633591; A121385

202 P3d 899

Louis R. Miles for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Williams*, 204 Or App 473, 131 P3d 767 (2006) (*Williams I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Williams*, 345 Or 316, 195 P3d 64 (2008). In *Williams I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was in custody when he committed his crimes and that probation would not be effective. That judicial factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Williams I* was erroneous. Accordingly, we affirm.

Defendant was convicted of first-degree criminal mischief and attempted second-degree escape. The trial court imposed a dispositional departure sentence of 12 months' imprisonment on the criminal mischief conviction. The court gave the following reason for its departure:

> "Grounds for the upward dispositional departure is that he was in custody at the time. He has quite a lengthy violent criminal history. Obviously probation wouldn't mean much.
>
> "He's smirked and smiled during the entire court proceedings, as he's doing now, and I think he doesn't get it and I think probation would be like totally meaningless for this defendant."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her

rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if any one of the factors relied on by the trial court is subject to legitimate debate. The first factor relied on by the trial court is not subject to any legitimate debate: because the jury must have found that defendant was in custody in order to convict him of attempted second-degree escape, the jury necessarily found that he was in custody when he committed criminal mischief, since both convictions arose out of the same conduct.

We turn to the second departure factor: probation would be "totally meaningless." Defendant took the stand at trial and delivered a prepared statement, which read, in part:

"Ladies and gentlemen, I am serving a 24-year sentence for manslaughter in the first degree. It's a separate offense. Rape in the first degree, which I also got found guilty of, and just got found guilty of another rape in the first degree.

"I've been locked up since July 29, 1997."

On cross-examination defendant admitted to having a release date of March 27, 2020, for his various terms of incarceration. Defendant also admitted to prior convictions for forgery; unauthorized use of a vehicle; kidnapping; sex abuse in the first degree; first-degree sodomy; first-degree unlawful penetration; and two counts of rape in the first degree. On this record, we are confident in concluding that there is no legitimate debate that the jury would have found that probation was unlikely to be effective. Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.