Submitted March 28, affirmed May 25, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA RAY JACKSON,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR55781; A174381

511 P3d 82

Defendant appeals the revocation of his probation, challenging the trial court's finding that he violated a condition of probation requiring him to "obey all laws" after he was convicted of a separate offense. Defendant argues that the judgment of conviction was legally insufficient evidence of his failure to obey all laws because it was entered after a no contest plea. Defendant does not contend that any of the procedural safeguards required for the acceptance of a no contest plea were absent in his case, nor does he assert that he was unaware of the consequences that entering that plea could have on his probation. *Held*: A judgment of conviction is sufficient evidence to prove that defendant violated probation, even if that conviction stemmed from a plea of no contest. Consequently, the trial court did not err in denying defendant's motion to dismiss, in finding that defendant failed to obey all laws, and in revoking his probation.

Affirmed.

Raymond D. Crutchley, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment revoking his probation, challenging the trial court's order finding that he violated a condition of probation requiring him to "obey all laws." We conclude that a judgment of conviction is sufficient evidence to prove that defendant violated probation, even if that conviction stemmed from a plea of no contest, and affirm.

While on probation for coercion and harassment, defendant entered a no contest plea to a new harassment charge and was convicted of that offense. The state moved to revoke defendant's probation on the basis that he violated the probation condition to "[o]bey all laws." ORS 137.540(1)(j). At the show cause hearing, the state's only evidence was the judgment of conviction for harassment. Defendant moved to dismiss, arguing that evidence of the conviction was legally insufficient, because it arose from a no contest plea, whereby he did not admit guilt. The trial court denied the motion. Defendant then testified that he did not commit harassment and explained that he pleaded no contest because it was "the fastest way through this process." The court found that defendant violated the condition and revoked probation.

On appeal, defendant contends that the trial court erred in denying his motion to dismiss, in concluding that the state proved that he failed to obey all laws, and in revoking his probation. With regard to each claim of error, defendant argues that the judgment of conviction was legally insufficient evidence of his failure to obey all laws because it was entered after a no contest plea, raising both the question of whether a conviction stemming from a no contest plea can serve as evidence that defendant violated his probation and the question of whether that evidence is legally sufficient for a trial court to find by a preponderance of the evidence that defendant failed to obey all laws. *See State v. Donovan*, 305 Or 332, 335, 751 P2d 1109 (1988) (noting that the state must prove that a defendant violated a condition of probation by a preponderance of the evidence). Those are legal questions that we review for errors of law. *State v. Hardges*, 294 Or App 445, 448, 432 P3d 268 (2018).

A person charged with a crime may plead "guilty," "not guilty," or "no contest." ORS 135.335. The no contest plea was made available in Oregon "to provide for an 'Alford' type of plea." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Final Draft and Report § 252, 149 (Nov 1972) (citing *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970)). "An *Alford* plea is a guilty plea in which the defendant does not admit commission of the criminal act or asserts that he is innocent." *State v. Sullivan*, 197 Or App 26, 28 n 1, 104 P3d 636 (2005), *rev den*, 340 Or 673 (2006) (concluding that it was not plain error for a trial court to rely on an *Alford* plea as an admission of facts justifying a sentence enhancement). With an *Alford* plea, a defendant does not admit guilt "but admits that sufficient evidence exists to convict him of the offense." *United States v. Ramirez-Gonzalez*, 755 F3d 1267, 1273 (11th Cir 2014).

Before entering a judgment of conviction from a plea of guilty or no contest, the trial court must "mak[e] such inquiry as may satisfy the court that there is a factual basis for the plea." ORS 135.395. The "'factual basis for the plea' refers to facts concerning the defendant's guilt—*i.e.*, facts regarding whether the defendant committed the crime to which the defendant is pleading." *State v. Heisser*, 232 Or App 320, 329, 222 P3d 719 (2009). The convicting trial court must also "address[] the defendant personally and determin[e] that the defendant understands the nature of the charge," inform the defendant of the rights they are waiving and certain potential consequences of the plea, and determine "that the plea is voluntary and intelligently made." ORS 135.385(1)-(2); ORS 135.390(1).

Although defendant did not affirmatively admit guilt in the criminal proceeding, he did not contest the charges against him and acknowledged that a factual basis supported those charges. The trial court did not err by considering the judgment of conviction as probative as to whether defendant failed to obey all laws. Defendant does not contend that any of the procedural safeguards required for the acceptance of a no contest plea were absent in his case, nor does he assert that he was unaware of the consequences

that entering that plea could have on his probation. As a result, the trial court was entitled to rely on the judgment of conviction as evidence that defendant committed a crime and to weigh that evidence against the credibility of defendant's testimony at the probation hearing. Further, given the record in this case, we conclude that the judgment of conviction was legally sufficient evidence for the trial court to find by a preponderance of the evidence that defendant failed to obey all laws in violation of ORS 137.540(1)(j).

Consequently, we conclude that the trial court did not err in denying defendant's motion to dismiss, in finding that defendant failed to obey all laws, and in revoking his probation.

Affirmed.