448 February 25, 2026 No. 147

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JORDAN ADAM CRIADO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV11220; A184595

Joanna A. Marikos, Judge.

Submitted January 20, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying post-conviction relief. Petitioner was charged with numerous crimes for killing his wife and four children and setting fire to their home. Pursuant to a plea agreement, he entered *Alford* pleas, which resulted in his being convicted of five counts of aggravated murder and one count of first-degree arson and sentenced to life without the possibility of release.[1] Nine years after entry of his convictions, petitioner filed a petition for post-conviction relief, alleging that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution by (1) advising him incorrectly on the jury unanimity requirements for aggravated murder and (2) failing to ensure that his pleas were knowing, intelligent, and voluntary.[2] Petitioner relied on the "escape clause" in ORS 138.510(3) to justify the late filing. The post-conviction court granted summary judgment for the superintendent on both claims, concluding that they were time-barred under ORS 138.510(3). As explained below, we affirm.

ORS 138.510(3)(a) provides that, when no appeal is taken from a judgment of conviction, a petition for post-conviction relief must be filed within two years of the date that the judgment of conviction "was entered in the register," *unless* the court "finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." *See also Ingle v. Matteucci*, 371 Or 413, 423 n 3, 537 P3d 895 (2023) (clarifying that, notwithstanding the reference to "the original or amended petition," ORS 138.510(3) applies to both first petitions and successive petitions). Generally, a claim could "reasonably have been raised" when (1) the information necessary to raise the claim was "reasonably available" to the petitioner during

---

[1] An "*Alford* plea" refers to *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970). "With an *Alford* plea, a defendant does not admit guilt but admits that sufficient evidence exists to convict him of the offense." *State v. Jackson*, 319 Or App 789, 791, 511 P3d 82 (2022) (internal quotation marks omitted); *see also State v. B. J. P.*, 339 Or App 134, 138, 566 P3d 1187 (2025) (an *Alford* plea "is equivalent to a 'no contest' plea under ORS 135.335(1)(c)").

[2] Petitioner also asserted an actual innocence claim. The post-conviction court denied relief on that claim, and it is not at issue on appeal.

the limitation period, *Bartz v. State of Oregon*, 314 Or 353, 359-60, 839 P2d 217 (1992), and (2) there was a "reason for the petitioner to look" for that information, *Gutale v. State of Oregon*, 364 Or 502, 510-11, 435 P3d 728 (2019). As to the first requirement, when the necessary information exists in publicly available sources of law, it is usually deemed "reasonably available" to the petitioner. *Bartz*, 314 Or at 359-60. As to the second requirement, the conviction itself is typically enough to "put [the petitioner] on notice of the need to investigate the existence of a ground for relief" from that conviction. *Gutale*, 364 Or at 512.

Whether the requirements to trigger the escape clause are met in a particular case depends on the facts of the specific case, so unusual circumstances may create a fact question that precludes dismissal on the pleadings or summary judgment. For example, an individual petitioner's physical or intellectual barriers to accessing publicly available sources of law may create a fact issue as to whether the information necessary to raise the claim was "reasonably available" to that individual petitioner. *See Ingle*, 371 Or at 446 ("If a petitioner's mental impairments are so severe—both in terms of degree and duration—that it would be unreasonable to expect the petitioner to have taken the steps necessary to raise a ground for relief, even with available assistance, then the escape clause applies."); *Canales-Robles v. Laney*, 314 Or App 413, 419-21, 498 P3d 343 (2021), *overruled on other grounds by Hill v. Miller*, 330 Or App 386, 395, 543 P3d 772 (2024) (concluding that, if the state in fact deprived the petitioner of access to all legal materials, the escape clause would apply). Similarly, with respect to collateral consequences of a conviction, as distinct from the conviction itself, it will depend on the facts whether an individual petitioner had reason to investigate a potential deficiency in counsel's advice (or lack thereof) on collateral consequences. *Compare Gutale*, 364 Or at 512-13 (holding that it was error to dismiss the petition as a matter of law, because the allegations, if proved, were sufficient to establish that the petitioner was not on notice to investigate a claim of inadequate assistance relating to collateral immigration consequences, such that the escape clause would apply), *with Perez-Rodriguez v. State of Oregon*, 364

Or 489, 497, 435 P3d 746 (2019) (concluding that the escape clause did not apply as a matter of law, where petitioner was put on notice at his plea hearing that a conviction could have collateral immigration consequences).

In this case, in granting summary judgment for the superintendent, the post-conviction court concluded that there was no genuine issue of material fact as to the escape clause and that the superintendent was entitled to judgment as a matter of law. *See Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021) ("A movant is entitled to summary judgment if, viewing the evidence in the record in the light most favorable to the opposing party, the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."). The question before us is whether the court erred in that regard, as petitioner contends, or applied the law correctly, as the superintendent maintains. *Id.*

Viewed in the light most favorable to petitioner, there is evidence that petitioner's trial counsel gave petitioner inaccurate advice before the entry of the *Alford* pleas, telling him that jury unanimity was not required for him to be found guilty, when, in fact, unanimity has always been required for a guilty verdict on aggravated murder. *See State v. Boots*, 308 Or 371, 374, 780 P2d 725 (1989) (recognizing that, under Article I, section 11, of the Oregon Constitution, juror unanimity is required for a guilty verdict on aggravated murder). There is also evidence that, had petitioner received accurate information, he would not have entered his *Alford* pleas. Finally, there is evidence that the true state of the law came to petitioner's attention when he overheard a conversation between fellow prisoners that prompted him to research the history of jury unanimity requirements in Oregon and that, upon learning that aggravated murder has always required a unanimous guilty verdict, he promptly filed a post-conviction petition.

The question is whether the foregoing evidence, if credited, would trigger the escape clause in ORS 138.510(3), such that it was error for the post-conviction court to grant summary judgment for the superintendent. It would not,

and therefore it was not. The information necessary to raise the claims was contained in publicly available sources of law—namely the Oregon Constitution and related case law—and there is no evidence of any qualifying physical or intellectual barrier to petitioner accessing that information within two years of his convictions. As for having a reason to look, the convictions themselves were sufficient to put petitioner on notice of the need to investigate the adequacy of the advice on which he relied in entering his *Alford* pleas. There is nothing unusual about this case that would take it outside the normal rule that the conviction itself puts the petitioner on notice of the need to investigate. The post-conviction court did not err in granting summary judgment for the superintendent.

Affirmed.